IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO SOLIS,

    Plaintiff,                             No. CIV S-09-2795 GGH P

    vs.

JOHN HAVILLAND, Warden, et al.,      ORDER and

    Defendants.                     FINDINGS AND RECOMMENDATIONS

         On October 7, 2009, plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. This matter is referred to this court by Local Rule 302(c), pursuant to 28 U.S.C. § 636(b)(1); see also E.D. Cal. L. R. ("Local Rule"), Appx. A, at (k)(1)-(2). Plaintiff challenges two prison disciplinary convictions resulting in the forfeiture of work-time credits. Plaintiff seeks expungement of the charges, restoration of his work-time credits, and damages. For the reasons that follow, it is recommended that this action be dismissed.

         Plaintiff is incarcerated at California State Prison - Solano. He alleges that on October 15, 2008, contraband (a controlled substance) not belonging to him was found in his cell by Correctional Officer Kiehlmeier. Plaintiff was charged with a Rule Violation Report ("RVR" or "CDC Form 115"), No. S2-08-12-1599, and convicted on April 1, 2009. Disposition included

1

forfeiture of 130 days of work-time credits, pursuant to 15 Cal. Code. Regs. 3323 (d)(7)(A)(1) (authorizing credit forfeiture of 121-130 days for "Division 'B' Offense" of unauthorized possession of a controlled substance).  See Docket 1, at 20.

Plaintiff alleges that his cell had not been inspected and cleared prior to his assignment, as required by 15 Cal. Code Regs. § 3287(a)(4).  Plaintiff also alleges that he was not timely served with notice of his RVR, as required by 15 Cal. Code. Regs. § 3320, which requires that such information "normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff," but may be delayed up to 45 days. 15 Cal. Code. Regs. § 3320(a), (a)(1).  Plaintiff alleges that he was served on December 26, 2008, more than two months after discovery of the contraband.

Plaintiff further alleges that he receives mental health care pursuant to 15 Cal. Code. Regs. § 3317, and the "'Coleman' remedial plan," requiring that he obtain a mental health evaluation prior to being documented for a rule violation, but that no such evaluation was provided.  Finally, plaintiff alleges that on July 10, 2009, he was again found guilty of, and punished for, the same charge, although the complaint lacks details.

Plaintiff names several employees of CSP-Solano as defendants herein, and has attached several documents in support of his complaint, including a copy of the operative RVR, and pertinent administrative decisions.  Plaintiff contends that defendants violated his Eighth and Fourteenth Amendment due process rights by inappropriately charging and convicting him, and failing to adhere to pertinent procedures set forth in the California Code of Regulations.  Plaintiff relies on application of the "Accardi doctrine," which references the Supreme Court's holding in United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499 (1954), that an administrative agency is required to adhere to its own internal operating procedures as well as formal rules.  In addition to damages, plaintiff seeks expungement of the charges and restoration of his good-time credits.

\\\\\

1         In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), the United States

Supreme Court ruled that an action challenging the lawfulness of a plaintiff's conviction is not

cognizable under Section 1983 unless the conviction has been invalidated.  The Supreme Court

affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court extended this holding to prison disciplinary hearings in Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), wherein the Supreme Court held that Heck applies to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits." Balisok, 520 U.S. at 643.  In contrast, a civil rights action challenging hearing procedures may be maintained if the result of the "disciplinary hearing or administrative sanction does not affect the overall length of the prisoner's confinement ." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003), cert. denied sub nom. McEnroe v. Ramirez, 541 U.S. 1063 (2004).

        Since plaintiff seeks restoration of the work-time credits forfeited as a result of his prison disciplinary convictions, and these convictions have not been invalidated, expunged or reversed, this action may not proceed under 42 U.S.C. § 1983.  Heck, 512 U.S. at 486; Balisok, 520 U.S. at 643.  Accordingly, this action should be dismissed.  Plaintiff may file a new action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

---

[1] The court does not recommend dismissal with leave to file a petition for writ of habeas corpus within the present action due to the requirement that plaintiff first exhaust his state court remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 119 S. Ct. 1728 (1999) ("[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state

1  Accordingly, good cause appearing, IT IS HEREBY ORDERED that the Clerk of
2 the Court assign a district judge to this case.
3  For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
4 DISMISSED.
5  These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
7 (10) days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten (10) days after service of the objections.  The parties are
11 advised that failure to file objections within the specified time may waive the right to appeal the
12 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: January 19, 2010

15   /s/ Gregory G. Hollows
16   United States Magistrate Judge

26 court").